Bakas, J.
This appeal by the plaintiff seeks to review the trial judge's allowance of the defendant’s motion to dismiss and/or for summary judgment, filed pursuant to Mass. R. Civ. P., Rule 12 and Rule 56, which was allowed.
The sole question presented by the Report and the several exhibits attached to and made a part thereof, is whether the three (3) year Statute of Limitations, as set forth in G.L. c. 260, § 2A, is tolled during a period when the plaintiff was the subject of a voluntary bankruptcy.
The essential facts relative to the issue before us reveal that the plainiff/ pedestrian was injured by the defendant/motor vehicle operator on September 1, 1984. Shortly, thereafter, on October 4, 1984, the plaintiff filed her voluntary bankruptcy petition.the final report and discharge of theTrustee in Bankruptcy occurred on December 6,1985 (approximately fourteen (14) months thereafter). .... and the plaintiff's complaint was filed in Suffolk Superior Court (now before our court under remand) on February 5,1988.
If the Statute of Limitations was not tolled, the plaintiff/pedestrian's tort action would be time-barred effective September 1, 1987, or three (3) years after her alleged injury accrued. It is noteworthy (although not relevant to our decision) that more than twenty (20) months remained from the termination date of the bankruptcy proceedings (December 6,1985) and September 1,1987, during which time the plaintiff could have, butfailed to institute her tort action; indeed, it was not until February 5,1988 or more than five (5) months thereafter when she finallyfiled her complaint.
It is the plaintiff s contention that the Statute of Limitations was tolled during the pendency of her bankruptcy proceedings, namely October4,1984through December 6, 1985, some fourteen (14) months; and, consequently, the filing of her complaint on February 5,1988 is not time-barred by the three (3) year Statute of Limitations. However, the plaintiff is unable to cite any authority in support of her contention other than the general proposition that both creditors and debtors are prohibited from commencing judicial process during the pendency of a bankruptcy proceeding, per 11 U.S.C. § 362(a) and 11 U.S.C. § 1303 and § 363(b)(e) and (f). Nevertheless, itis abundantly clear under 11 U.S.C. § 1302 and § 704(2) (7) and (9) (per footnote 2 of the plaintiff's memorandum, attached as exhibit C and incorporated in the Report) that even though the plaintiff/debtor may not commence judicial process.the Trustee in Bankruptcy has the express power to do so, and no such action was inititated in the matter before us.
Further, we note in passing that it was indicated by counsel during oral argument that the plaintiff s tort claim with respect to her September 1,1984 accident was not even listed as an asset in the plaintiffs petition for bankruptcy.thus raising a peripheral question, namely, whether or not the claim was a part of the bankruptcy proceedings at all. Again, we pass this matter as being irrelevant to the resolution of the issue before us.
*61 We are of the opinion that the answer to the question before us was substantially answered by our own Appeals Court in Buker v. National Management Corp., 16 Mass. App. Ct. 36, 40-41, wherein the court stated in part, that “.preexisting claims of the sort here asserted become assets of the estate in bankruptcy and may be prosecuted bv the trustee in bankruptcy for the benefit of the estate (emphasis supplied).” thus, enabling the trustee in bankruptcy to bring suit relative to an action not yet time-barred. In short, nothing prevented the trustee in bankruptcy from instituting an action with respect to the plaintiffs accident of September 1,1984 during the fourteen (14) month bankruptcy proceedings.
The court further stated, that ‘Tolling the Statute of Limitations during the entire period of bankruptcy would provide bonus time to the debtor of no apparent benefit to his creditors while permitting the debtor, after discharge from bankruptcy, to resurrect a stale claim.”
The court ruled that the trial judge was correct in holding that the Statute of Limitations barred the relevant tort counts in that particular case. Finally, it is instructive that the court went on to say with reference to the matter of the Statute of limitations, that “We are not inclined to tamper with limitation periods enacted by the Legislature to promote justice by preventing surprises through the revival of claims that have been allowed to slumber
We conclude, therefore, that the Statute of Limitations was not tolled during the period incident to the plaintiffs bankruptcy proceedings; and, that, the trial judge was correct in his allowance of the defendant's motion to dismiss and/or for summary judgment.
For the reasons stated, we find no error by the trial judge and order the Report dismissed.